STATE OF MISSOURI, at the Relation of KANSAS CITY LIFE INSURANCE COMPANY, a Corporation, Relator, v. EWING C. BLAND and NICK· T. CAVE, Judges of the Kansas City Court of Appeals.—No. 39164.—184 S. W.. (2d) 425.

Court en Banc, January 2, 1945.

*Ray B. Lucas* and *Jos. R. Stewart* for relator.

*Earl J. Boughan, Dwight Roberts* and *Ira B. Burns* for respondents.

DOUGLAS, C. J.—This is an original proceeding in certiorari to review for conflict with the latest controlling decisions of this court respondents' opinion in Spillman v. Kansas City Life Insurance Company (Mo. App.), 180 S. W. (2d) 605.

Nora Spillman, the beneficiary of two identical life insurance policies, sued the insurance company under the double indemnity provisions for the additional indemnity claiming assured died from an accident. Assured shot and killed himself while insane. The policies attempt to exclude from the double indemnity benefit, death resulting from self-destruction while insane but the parties concede this may not legally be done under Section 5851, R. S. 1939, which makes suicide ordinarily no defense.

The decisions of this court have settled the general rule that suicide while insane is considered an accident whereas suicide while

sane is considered not an accident within the purview of double indemnity provisions of insurance policies. Britton v. Guardian Life Insurance Co. of America (Mo.), 177 S. W. (2d) 443.

But in this case the insurance company has proceeded under the theory that assured's death resulted indirectly from disease and was expressly excluded from the double indemnity benefit. There was medical testimony that insanity is a mental illness or disease.

The respondents held in determining whether the cause of death is accidental the law will not go farther back in the line of the causation than to find the active, efficient, procuring cause. They found death resulting from accidental shooting was not excluded from the coverage of the policies and the jury could properly find from the evidence the assured's death was accidental resulting from a gunshot wound. Summarily stated, their ruling is that death resulted from gunshot, not from the mental disease of insanity. No decisions of this court are shown to be in conflict with respondents' ruling and we have no authority to disturb it.

However, the insurance company argues that in denying its contention and reaching such decision, respondents had to place a strained and unwarranted construction upon the double indemnity clause. As, they assert, the clause was in plain and unambiguous language respondents were not authorized to do this under our decisions in Wendorff v. Missouri State Life Insurance Company, 318 Mo. 363, 1 S. W. (2d) 99; and State ex rel. Prudential Insurance Co. v. Shain, 344 Mo. 623, 127 S. W. (2d) 675.

The clause reads:

"Double Indemnity Benefit.

"If the death of the Insured shall result, independently and exclusively of all other causes, solely from bodily injury, effected directly by external, violent and accidental means, within ninety days from the happening of such injury, of which other than in the case of drowning or asphyxiation, there shall be visible contusion or wound, on the exterior part of the body, and such injury shall occur after the first premium on this Policy has been actually paid in cash, and before the anniversary of this Policy nearest the Insured's sixty-fifth birthday, and while this Policy is in force, and while no premium, or any part thereof, is in default, and before the allowance of any paid-up or extended insurance or claim for disability benefits under this Policy, and if claim be made therefor and satisfactory proof thereof submitted to the Company at its Home Office before surrender of this Policy, the Company will pay, in lieu of the amount payable in event of the death of the Insured as provided on the first page of this Policy, and not in addition thereto, the sum of Two Thousand Dollars, less any indebtedness to the Company; provided that there shall be no liability hereunder for death resulting from self-destruction, while sane or insane, or from injury intentionally in-

flicted by another, or from military, naval or relief service in time of war, or from riot, insurrection, or any act incident thereto, or from the commission of an assault or felony by the Insured, or directly or indirectly, wholly or in part, from poisoning, infection or any kind of illness, disesase or infirmity, or from carbon monoxide gas, or the effects thereof, or directly or indirectly, from service travel or flight in any species of aircraft.

"This provision for double indemnity shall not be in force, but, shall be null and ██ void, if this Policy is continued without premium payments under any of the non-forfeiture provisions thereof, and if claim shall be made for disability benefits under this Policy, this provision shall automatically terminate and thereafter be null and void. Upon termination of this provision the premium on this policy shall be reduced in the amount of One and 30/00 Dollars, which is the annual premium for this provision and is included in the premium stated on the first page of the Policy."

In construing such or a similar clause this court has not had occasion to determine whether it was the plain and unambiguous intention of the policy to include self-destruction while insane under the provision about death resulting from "illness, disease or infirmity" after having expressly referred to it previously in providing "there shall be no liability hereunder for death resulting from self-destruction, while sane or insane." Respondents were fully authorized to chart their own course in holding suicide while insane was not excluded by the provision excluding death resulting from disease. We think the clause is ambiguous in this regard and is properly susceptible to respondents' construction.

██ What we have said above disposes of this case. However, the insurance company complains of a statement in the opinion which we believe was inserted merely arguendo. It does not express the decision of the case. We notice it for the sake of uniformity in the opinions of the appellate courts. In the course of their opinion respondents said:

"If this court were to uphold defendant's contention, as here made, we must entirely disregard the provisions of Sec. 5891 (5851), R. S. Mo. 1939 (the suicide statute). This we cannot do. But for the statute it would be impossible for any beneficiary to recover on any accident policy containing general provisions excepting liability because of illness, direct or indirect, and a provision against liability if death should result from suicide (as these policies provide) because if insured were sane then death would not be the result of an accident; and if insane the death would be due, indirectly, to disease. Mandles v. Guardian Life Insurance Company of America, 32 Fed. Supp. 619, l. c. 621. In Missouri, exclusion clauses based on suicide are rendered void. They cannot be made valid by court decision founded on specious reasoning."

The above statement does not conflict, as the insurance company contends, with our ruling in Fields v. Pyramid Life Insurance Company of Topeka, Kansas, 352 Mo. 141, 176 S. W. (2d) 281, and the cases cited therein. In that case the assured died as a result of taking poison while insane. The policy expressly excluded death caused by poisoning. This court said the insanity of the assured and the suicide statute (Sec. 5851, R. S. 1939) had no bearing in the case in view of the express exclusion of death by poisoning. We quoted with approval: " 'The statute [Sec. 5851] does not put into the policy a single obligation other than those mentioned in the policy. It merely takes out of the policy the defense of suicide as to the obligations mentioned in that policy.' Scales v. National Life and Accident Insurance Company (Mo. Sup. Banc), 212 S. W. 8, 9. 'In short, as forecast above, the section [Sec. 5851] does not write into an accident policy a cause of action where none existed upon the facts.' Brunswick v. Standard Accident Insurance Co., 278 Mo. 154, 169, 213 S. W. 45, 49, 7 A. L. R., 1212."

Respondents' statement does not attempt to permit the suicide statute to write into the policies any obligation which is not already there. They refer to the fact suicide is no defense. It must be borne in mind that when the respondents say that but for the statute it would be impossible for any beneficiary to recover on a policy which excepted illness and suicide because if the assured were insane his suicide would be due indirectly to disease they were referring to the insurance company's contention. Respondents had already pointed out that an insurance company may exclude from coverage death caused by any particular accident unless prohibited from doing so by statute. But, they stated, they looked to the proximate, not the remote cause, which they determined to be the gunshot wound which was not excluded.

No conflict between respondents' decision and those of this court having been shown, it follows our writ was improvidently issued.

The writ is quashed. All concur except *Ellison, J.*, absent.